IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 13-50045

SANTOSH RAM

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is the Defendant's pro se **Motion to Waive Off Fine/Alteration Option of Payment/Fine Adjustment (Doc. 63.)** The undersigned, being and well and sufficiently advised, finds and recommends as follows with respect thereto:

1.      On February 18, 2014, a judgment was entered sentencing the Defendant on a charge of receipt of child pornography to 135 months imprisonment, five years supervised release, a $10,000.00 fine and a $100.00 special assessment. (Doc. 47.) Defendant filed a notice of appeal and his case is currently on appeal at the Eighth Circuit Court of Appeals. (Doc. 49.)

2.      In the motion now before the undersigned, Defendant states that he does not have enough money in his prison account to pay $25.00 towards his fine every quarter, as most of his prison pay is used to call his family members in India. Defendant requests that the Court waive or adjust the fine or provide him an alternate option for payment, such as paying the fine after he is released from prison. (Doc. 63.)

3.      18 U.S.C. § 3573, the statutory authorization to petition for remission or modification of a fine, is only available to the Government and not the defendant.   See United States v. Chacon-Vega, 2008 W.L. 313612, *1 (8th Cir. 2008). In any event, there is no basis for modification of the fine payment schedule.   While the undersigned certainly understands Defendant's desire to

communicate with his family, he may do so by written correspondence or by calling them collect. Further, the judgment does allow the Defendant to finish paying any unpaid portion of his fine upon his release from prison, during his period of supervised release.

4.      Accordingly, the undersigned recommends that Defendant's **Motion (Doc. 63)** be **DENIED**.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 23rd day of June, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE