IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES                                              PLAINTIFF/RESPONDENT

V.                              CASE NO. 5:13-50045
                                CASE NO. 5:16-05114

SANTOSH RAM                                                DEFENDANT/PETITIONER

## MEMORANDUM OPINION AND ORDER

Currently before the Court are the Objections to Magistrate Judge's Report and Recommendation (Doc. 114-1) filed by Defendant/Petitioner Santosh Ram in this case. On June 22, 2016, Mr. Ram filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and Brief in Support (Docs. 89, 90). The Government responded on August 26, 2016, (Doc. 94), to which Mr. Ram filed his Reply on October 31, 2016, (Doc. 106). United States Magistrate Judge for the Western District of Arkansas James R. Marschewski issued his Report and Recommendation ("R&R") denying Mr. Ram's Motion in full on April 24, 2018. (Doc. 108). Mr. Ram subsequently filed his Objections thereto, requesting dismissal of the R&R and an evidentiary hearing to present his claims. (Doc. 114-1, pp. 3, 48).

When a defendant makes specific objections to portions of a magistrate judge's report and recommendation, the district court must review the contested findings or recommendations *de novo*. See 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Here, Mr. Ram has objected to the R&R in its entirety and reasserts each of the grounds of relief alleged in his Motion to Vacate and Brief in Support. (Docs.

1

89, 90, 114-1). As such, the Court has undertaken a *de novo* review of Defendant's objections and rules on each in turn.

## I. DISCUSSION

Mr. Ram asserts 21 separate grounds for relief in his Brief in Support of his Motion, all of which are reiterated in his Objections. (Docs. 90, 114-1). The R&R addresses these claims individually. Many of Mr. Ram's claims are barred by a finding that his guilty plea was valid; therefore, the Court will begin its analysis by determining the validity of Mr. Ram's plea, and then the Court will discuss the remaining claims.

### A. Validity of Plea

Mr. Ram contends that his guilty plea was invalid for the following reasons: (1) his attorney failed to effectively advise him prior to the entry of his guilty plea, (2) he was coerced into signing the plea agreement, and (3) he lacked the mental capacity to enter his change of plea. (Doc. 114-1, pp. 5, 37, 38). The Court has considered the record concerning the facts and circumstances surrounding Mr. Ram's guilty plea, including the Unopposed Motion to Determine Competency of Defendant (Doc. 24), the Order denying said Motion (Doc. 25), the Motion for Reconsideration of that Order (Doc. 26), the Plea Agreement (Doc. 31), and the Change of Plea Hearing transcript (Doc. 70), *de novo*. Upon such consideration, the Court finds Mr. Ram voluntarily entered his guilty plea on August 28, 2013, for the reasons explained below.

Any reliance Mr. Ram may have had on his attorney's alleged failure to inform him that pleading guilty would not guarantee him a certain sentence does not render his plea involuntary so long as the district court judge informed him of the maximum possible sentence he faced should he plead guilty. *See United States v. Granados*, 168 F.3d 343,

2

345 (8th Cir. 1999). Therefore, Mr. Ram's accusation that his attorney made "false promises and assurances" that he would receive a specific sentence, allegedly resulting in ineffective assistance of counsel, fails to prove that his guilty plea was made either involuntarily or unknowingly. The transcript from Mr. Ram's change of plea hearing indicates that the district court judge[1] provided him with information as to the minimum and maximum possible sentences he would be facing should he enter a plea of guilty, in addition to discussing the advisory nature of the Sentencing Guidelines to ensure he understood that he was not being promised any specific sentence. (Doc. 70, pp. 28, 29, 30). Thus, Mr. Ram cannot rely on allegations that his attorney failed to provide this information to him to demonstrate his plea was unintelligent. *See United States v. Chambliss*, 1995 U.S. App. LEXIS 23047 at 2 (8th Cir. 1995). The district court judge also inquired as to whether Mr. Ram had been threatened or forced to enter his guilty plea, and Mr. Ram testified that he was voluntarily pleading guilty. (Doc. 70, p. 12). The Court finds the district court judge's conversation with Mr. Ram cleared up any concerns regarding the voluntary and intelligent nature of his guilty plea.

In addition, the Court finds that Mr. Ram demonstrated the requisite mental capacity for entering his plea at the time of his change of plea hearing. Although his attorney previously filed a motion seeking to determine Mr. Ram's competency, at the change of plea hearing, the district court judge explained his reasoning for denying that motion and finding Mr. Ram competent to plead guilty. (Doc. 70, pp. 15-23). The facts presented and the discussion occurring at that hearing show that Mr. Ram understood the charges against him and was able to consult with both his attorney and the district

---

[1] The Honorable Jimm Larry Hendren.

court judge with a reasonable degree of rational understanding. *See Wright v. Bowersox*, 720 F.3d 979, 985 (8th Cir. 2013) ("[T]he relevant inquiries for whether [a defendant] was competent to waive his constitutional rights were whether he had 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and had 'a rational as well as factual understanding of the proceedings against him.'" (quoting *Godinez v. Moran*, 509 U.S. 389, 396 (1993))). Because the Court finds the record demonstrates Mr. Ram entered his guilty plea both voluntarily and intelligently, his objection regarding the validity of his guilty plea is **OVERRULED**.

### B. Actual Innocence

Mr. Ram's next objection is that his actual innocence demands that his sentence be set aside. However, Mr. Ram previously argued this on appeal. *See United States v. Ram*, 594 F. App'x 317 (8th Cir. 2015). The Eighth Circuit Court of Appeals denied this argument because it is foreclosed by Mr. Ram's guilty plea. *Id.* at 317.[2] A claimant cannot relitigate in a § 2255 proceeding that which has already been adversely decided on appeal. *Woods v. United States*, 567 F.2d 861, 863 (8th Cir. 1978). Because Mr. Ram's actual innocence claim was previously addressed on appeal, his objection regarding the same is **OVERRULED**.

### C. Insufficient Evidence

The Magistrate Judge relied on the factual basis set forth in Mr. Ram's guilty plea to determine that his claim of insufficient evidence was without merit. The Court finds this determination to be accurate, as the factual basis proffered by the Government in the plea

---

[2] As previously discussed, the Court has now considered the validity of Mr. Ram's plea *de novo* and finds that it was offered voluntarily and intelligently.

agreement provides ample basis for Mr. Ram's conviction of Knowing Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). Because his guilty plea was valid, this objection is **OVERRULED**.

### D. Ineffective Assistance of Counsel

The majority of Mr. Ram's objections concern his assertion that he was provided ineffective assistance of counsel. Once a defendant pleads guilty to a charge against him, he cannot raise an independent claim alleging a deprivation of his constitutional rights prior to his entry of that plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Having pleaded guilty, a defendant may only attack the voluntary and intelligent character of his plea by demonstrating his attorney's advice does not satisfy the standards set forth in *McMann v. Richardson*, 397 U.S. 759 (1970). *Id.* According to *McMann*, a plea is considered intelligent so long as it is based on "reasonably competent advice" and is not subject to attack if an attorney's advice falls within that range of competence. 397 U.S. at 770. Furthermore, to succeed on a claim for ineffective assistance of counsel, a defendant must prove not only that his attorney's performance was deficient but that he was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The ultimate focus when determining this issue is the "fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696. In the context of a guilty plea, a defendant asserting ineffective assistance of counsel must prove that he would not have pleaded guilty absent his attorney's errors. *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997). Courts are not required to address the performance prong of the *Strickland* test if it is clear a defendant has failed to prove he was prejudiced by any of his attorney's alleged deficiencies. *See Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999).

5

The R&R addresses seven categories of objections within the penumbra of Mr. Ram's ineffective assistance of counsel claim. First, Mr. Ram claims that his attorney failed to provide adequate legal advice prior to the entry of his guilty plea, rendering his plea unintelligent. The Court finds that Mr. Ram has failed to prove he was prejudiced by any of these allegations. No evidence exists to suggest that Mr. Ram would have fared better by going to trial. The factual basis provided in the plea agreement set forth facts clearly sufficient to convict Mr. Ram of the charge against him. As will be discussed below, nothing in the record exists to suggest Mr. Ram's incriminating statements to law enforcement or the property seized at his apartment could have been suppressed. Any confusion Mr. Ram may have had regarding the possible length of the sentence he faced was resolved by the discussion at his change of plea hearing, where the presiding judge informed him of the minimum and maximum terms of imprisonment he faced upon pleading guilty at that time. Absent a showing that he had any reason to forego the plea agreement offered him, Mr. Ram fails to proffer any reason sufficient to convince the Court that he would have pursued a trial on the charges he faced. As such, the Court finds no evidence that Mr. Ram was prejudiced by any allegations concerning inadequate legal advice, and his objections regarding the same are **OVERRULED**.

Mr. Ram also alleges that his attorney failed to put forth any meaningful adversarial effort in his defense. Although the R&R goes to great lengths to demonstrate how Mr. Ram's attorney exhibited reasonable competence in this area, the Court finds the majority of Mr. Ram's allegations in this category are precluded by his guilty plea. The entry of a valid guilty plea bars any allegation that a defense attorney failed to file certain motions or make other challenges prior to the entry of that plea. See Tollett, 411 U.S. at 267.

Mr. Ram asserts that his attorney was ineffective after the plea because she: 1) withdrew objections to the Presentence Investigation Report at the sentencing hearing, 2) failed to argue that the sentence violated the Eighth Amendment, and 3) failed to argue for a punishment in the alternative to incarceration. These allegations fail to establish ineffective assistance of counsel, because Mr. Ram has failed to show how he was prejudiced as a result.

First, the withdrawal of objections at a sentencing hearing does not constitute ineffective assistance of counsel where no reasonable probability of prevailing on those objections exists. *See Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009). The objections withdrawn by Mr. Ram's attorney pertained mainly to generalizations and word choice made by the probation officer and to the application of cross-reference § 2G2.1. The Court will address the applicability of the cross-reference below but asserts the appropriateness of its application here for purposes of this analysis. Furthermore, the withdrawal of these objections likely benefitted Mr. Ram, as his objections ran the risk of conflicting with matters he had already admitted in his plea agreement, which could have resulted in the district court denying his downward adjustment for acceptance of responsibility. Having failed to show that the withdrawal of these objections prejudiced his case in any way, Mr. Ram's allegation concerning said withdrawal does not demonstrate ineffective assistance of counsel.

Second, on appeal, the Eighth Circuit upheld Mr. Ram's sentence as substantively reasonable. *See United States v. Ram*, 594 F. App'x 317, 317 (8th Cir. 2015). Where the sentence falls within a defendant's statutory range and is found to be substantively reasonable, his sentence does not violate the Eighth Amendment. *See United States v.*

*Vanhorn*, 740 F.3d 1166, 1170 (8th Cir. 2014) ("[The Eighth Circuit] has never held a sentence within the statutory range to violate the Eighth Amendment."). Finally, Mr. Ram was not eligible for probation as the statute under which he was convicted, 18 U.S.C. § 2252(a)(2), mandates a term of imprisonment for at least five years; therefore, any argument for a sentence other than incarceration would have been fruitless and cannot amount to ineffective assistance of counsel. For the reasons stated above, Mr. Ram's objections alleging failure by his attorney to put forth meaningful adversarial effort in his defense are **OVERRULED**.

The third group of claims umbrellaed under his ineffective assistance of counsel claim alleges ineffective assistance on appeal. Absent evidence to the contrary, appellate counsel's failure to raise a claim is presumed to be sound appellate strategy. *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998). Furthermore, Mr. Ram presented his own arguments to the Eighth Circuit on appeal, through *pro se* submissions, and the court considered his *pro se* arguments alongside those presented by his attorney. *See Ram*, 594 F. App'x at 317-318. Because his arguments were indeed addressed on appeal, Mr. Ram fails to show how he was prejudiced by his attorney's failure to appeal on any of those bases. Mr. Ram's claims regarding ineffective assistance of counsel on appeal are, therefore, **OVERRULED**.

Mr. Ram next alleges that his trial attorney had a conflict of interest which prevented him from receiving effective assistance of counsel. To prevail on this claim, Mr. Ram must show that a conflict of interest existed and that the conflict resulted in an actual, demonstrable effect on his attorney's performance. *Covey v. United States*, 377 F.3d 903, 908 (8th Cir. 2004). The affidavit provided by Mr. Ram's attorney details that

the decision not to pursue a trial was based on the sufficiency of the evidence against Mr. Ram and the benefit he received by pleading to a crime in a lower statutory category. The evidence presented by the Government supports these assertions, and Mr. Ram has failed to proffer any convincing evidence to rebut these conclusions; thus, his objection pertaining to his allegation of conflict of interest is **OVERRULED**.

Mr. Ram's fifth claim regarding ineffective assistance of counsel alleges the failure of his attorney to make reasonable investigations regarding his case. The Court finds this objection is barred by his guilty plea, as the allegation arises from events occurring prior to the entry of his plea. Therefore, because the Court has already found his plea to be valid, Mr. Ram's objection regarding his attorney's alleged failure to investigate is **OVERRULED**.

The sixth claim asserted as evidence of ineffective assistance of counsel is Mr. Ram's professed dissatisfaction with his attorney. The right to counsel afforded by the Sixth Amendment, however, is "the right to the effective assistance of counsel[,]" the standard for which is set forth in *McMann v. Richardson*, 397 U.S. 759, n.14 (1970). The right to be satisfied with one's attorney is not the right afforded by the Constitution. As such, Mr. Ram's objection regarding his dissatisfaction with his attorney is **OVERRULED**.

In regard to his next objection, Mr. Ram's claim that his attorney used deception, lies, and misrepresentation to coerce him into signing the plea agreement is rendered meritless upon the finding that his guilty plea was voluntary. The Court has found his plea to be valid; therefore, Mr. Ram's objection based on his attorney's alleged deception, lies, and misrepresentation is **OVERRULED**.

The final objection addressed by the R&R in this section alleges that the district court committed procedural error by failing to make a Guidelines calculation prior to imposing a sentence upon Mr. Ram, and his attorney was ineffective for failing to object to this alleged error. This objection is without merit, as the district court clearly calculated Mr. Ram's applicable Guidelines range prior to sentencing him. See Doc. 55, p. 14 (sentencing hearing transcript detailing that the district court judge identified Mr. Ram's Guidelines range as 135 to 168 months). This Guidelines calculation was specifically referenced by the Eighth Circuit appeal. Ram, 594 F. App'x at 317. Mr. Ram's objection regarding the failure of his attorney to object to a non-existent error by the district court is, thus, **OVERRULED**.

Mr. Ram reasserts ten additional claims that were included in his Brief in Support of his § 2255 Motion but were not addressed by the R&R. The first of those claims, labeled 03.i (Doc. 90, p. 11), alleges that his attorney failed to do the following: 1) file a motion for discovery, 2) inform him of his trial date, 3) timely provide him with his presentence investigation report, and 4) provide him with a copy of the brief she submitted upon appeal. Contrary to Mr. Ram's assertions, his attorney did request discovery via oral motion in open court, as demonstrated by the text only minute entry entered on April 30, 2013. Additionally, the Federal Rule of Criminal Procedure cited by Mr. Ram, Rule 32(e)(2), places deadlines on the probation officer preparing the presentence investigation report, not on the defendant's attorney. As to the other two assertions presented in Mr. Ram's § 03.i, he has failed to prove that he was prejudiced by either of them. He raised the arguments he desired during his appeal, and nothing in the record suggests that being informed of his trial date would have changed the outcome of his

decision to plead guilty. Mr. Ram's claims in § 03.i of his Brief in Support are without merit and are **OVERRULED**.

The issues presented in § 03.j of Mr. Ram's Brief in Support echo allegations previously discussed under his assertions of inadequate legal advice and lack of adversarial effort. For the reasons addressed in those discussions, any objection concerning this section is **OVERRULED**. Next, the Court finds nothing to suggest entering a plea agreement was not in Mr. Ram's best interest and any challenge to the sufficiency of the evidence against him or the calculation of the Sentencing Guidelines would have been futile; thus, Mr. Ram fails to demonstrate he was prejudiced by any of the allegations contained in the following sections: 03.k, 03.l, 03.n, 03.q.01, 03.q.02, 03.q.05, and 03.q.06. Objections regarding these sections are, therefore, **OVERRULED**. The claims contained in §§ 03.m, 03.o, 03.q.03, and 03.q.04 are all barred by Mr. Ram's plea of guilty, that plea being determined by the Court to be voluntary and knowing, and objections pertaining to these sections are **OVERRULED**. Mr. Ram's allegation in § 03.p is a replica of his conflict of interest claim in § 03.d of his Brief, which the Court found to be without merit, and is **OVERRULED**. Finally, Mr. Ram contends that the accumulated effect of these alleged errors by his counsel rendered her ineffective overall; however, the Court has been unable to identify any prejudice resulting from even one of these alleged errors. This objection is also **OVERRULED**.

### E. Misapplication of Sentencing Guidelines

The next claim raised by Mr. Ram challenges the constitutionality and application of cross-reference § 2G2.2(c)(1) of the United States Sentencing Guidelines. This cross-reference applies when the offense "involved causing, transporting, permitting, or offering

or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." U.S.S.G. § 2G2.2(c)(1). The factual basis set forth in Mr. Ram's plea agreement includes his admissions to creating a Facebook profile in order to access minor females and receiving digital images of minor females engaging in explicitly sexual conduct as a result. (Doc. 31, p. 4). The Court finds that this conduct falls squarely within the realm of conduct contemplated by § 2G2.2. As to the constitutionality of the cross-reference, Mr. Ram asserts that "[e]nhancing a person's sentence based on only Guideline Commentary is unconstitutional and unlawful[]" (Doc. 90, p.14) and violates the Fifth and Sixth Amendments (Doc. 114-1, p. 36). Other than these conclusory allegations, Mr. Ram offers no authority in support of these contentions. Even construing Mr. Ram's claims broadly, the Court has not identified sufficient evidence to support this argument. As such, Mr. Ram's objection concerning misapplication of the Sentencing Guidelines is **OVERRULED**.

### F. Disparity in Sentence

Mr. Ram argues that a 135 month sentence for receipt of child pornography represents a "gross national disparity in sentencing." (Doc. 90, p. 16). This argument was presented by Mr. Ram's attorney in his sentencing memorandum prior to his sentencing hearing. (Doc. 43, p. 7). Although the argument was not directly addressed on appeal, the Eighth Circuit did uphold Mr. Ram's sentence as substantively reasonable. *See Ram*, 594 F. App'x at 317. Because this argument was presented to the district court judge prior to the imposition of the sentence, and the Eighth Circuit upheld that sentence on appeal, this objection is **OVERRULED**.

## G. Breach of Plea Agreement

Although addressed to some extent in the Court's analysis of the validity of Mr. Ram's guilty plea, the Court will now address Mr. Ram's specific contention that the Government breached the plea agreement. Mr. Ram alleges this breach occurred because no one informed him that various portions of the Sentencing Guidelines could be applied at sentencing, that the Government agreed with the Guidelines range at his sentencing hearing, and that the plea agreement was modified after he signed it. As previously stated, in regard to the Guidelines, Mr. Ram *was* informed of the statutory minimum and maximum sentences that he faced and the advisory nature of the Guidelines. See *United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999). The fact that the Guidelines range, when calculated, imposed enhancements and contained cross-references from other parts of the Guidelines was wholly proper. There is no evidence that Mr. Ram's plea agreement was modified after he signed it. In any event, the Court was not bound by the terms of that agreement in imposing a just sentence. His objection on this issue is, thus, **OVERRULED**.

## H. Defective Criminal Complaint, Information, and Indictment; Speedy Trial; Due Process Violation; and Prosecutorial Misconduct

As long as his plea was made knowingly and voluntarily, Mr. Ram is barred from challenging the deprivation of rights occurring prior to the entry of his guilty plea. See *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This includes his allegations of: defective criminal complaint, information, and indictment; violations with regard to his right to a speedy trial; due process violations; and allegations of prosecutorial misconduct. These challenges are barred by his valid guilty plea, and objections stemming therefrom are **OVERRULED**.

## I. Constitutional Challenges

Mr. Ram asserts various arguments alleging the unconstitutionality of various factors related to his case. He specifically alleges: 1) a violation of his Fourth Amendment rights, 2) a violation of his Fifth Amendment rights, 3) a violation of his Fourteenth Amendment rights, and 4) that portions of the Sentencing Guidelines and certain federal statutes are unconstitutional. The Court finds that each of these challenges are barred by his guilty plea, and they are **OVERRULED**. The Court will address Mr. Ram's contentions regarding the alleged violations of his Fourth and Fifth Amendment rights, however, to demonstrate that any action taken by his attorney regarding these violations would have been futile.

### 1. Fourth Amendment Violation

Mr. Ram maintains that his attorney's decision not to seek suppression of the evidence seized at his apartment resulted in prejudice to him. He argues that no probable cause existed for the issuance of the warrant allowing law enforcement to search his residence. Probable cause, on which a search warrant is based, only requires a showing of the probability of criminal activity and need not establish a prima facie case of the suspected criminal activity. *Illinois v. Gates*, 462 U.S. 213, 235 (1983). The warrant authorizing the search of Mr. Ram's apartment was based on the following evidence: Facebook chats obtained by law enforcement depicting conversations, which included explicitly sexual content, between an eleven-year-old girl and a user calling himself "Peter Na", and the IP address for the "Peter Na" account was registered to Defendant Santosh Ram, who was 29 years old at the time.

14

Based on these facts, there was probable cause to issue a warrant to search Mr. Ram's apartment. Law enforcement searched Mr. Ram's residence only after securing this valid warrant, rendering the search entirely reasonable. As the warrant relied upon by law enforcement was based on sufficient probable cause, Mr. Ram's Fourth Amendment rights were not violated and any challenge to the contrary on the part of his attorney would have been futile. Mr. Ram's objection pertaining to the alleged violation of his Fourth Amendment rights is, therefore, **OVERRULED**.

### 2. Fifth Amendment Violation

To determine whether his self-incriminating statements were compelled, the Court considers the totality of the circumstances surrounding the issuance of those statements, examining the conduct of law enforcement and Mr. Ram's capacity to resist pressure therefrom. See *United States v. Astello*, 241 F.3d 965, 967 (8th Cir. 2001). The Court looks to see if the statements were extracted by "threats, violence, or direct or implied promises, such that the defendant's will was overborne and his capacity for self-determination critically impaired." *Id.* (citing *United States v. Kilgore*, 58 F.3d 350, 353 (8th Cir. 1995)).

Mr. Ram alleges no facts suggesting he was subjected to any abnormal pressures in his interactions with law enforcement. The fact that Mr. Ram had not had any experience with the criminal justice system did not render him incapable of resisting ordinary pressures associated with interacting with law enforcement. Despite being born and raised in India, Mr. Ram admitted to knowing and understanding English, (Doc. 70, p. 5), and he presents no evidence in support of the idea that he was intellectually incapacitated in any way. He was entirely capable of understanding what was being said

to him while being interviewed and had the capacity to measure his responses to law enforcement's questions. *See Astello*, 241 F.3d at 968 (rejecting defendant's argument that his incriminating statements were involuntary because "[it was] clear that defendant had the capacity to understand, and did understand, what was being said at the interview, and that he had the capacity to measure his response").

Additionally, Mr. Ram's assertions that he "was frightened because of so many officers" and he "was alone," (Doc. 114-1, p. 45) fail to establish proof of coercion. He also claims that he was "threatened for five (5) year prison [sic]," (Doc. 114-1, p. 45), but a law enforcement officer informing Mr. Ram of the sentence he faced for the charge against him does not rise to the level of threat necessary to demonstrate that Mr. Ram's capacity for self-determination was overcome as a result. *See Astello*, 241 F.3d at 967 ("[Q]uestioning tactics such as a raised voice, deception, or a sympathetic attitude on the part of the interrogator will not render a confession involuntary unless the overall impact of the interrogation caused the defendant's will to be overborne." (quoting *Jenner v. Smith*, 982 F.2d 329, 334 (8th Cir. 1993))). Furthermore, in other sections of his Brief, Mr. Ram admits that he told law enforcement he was not aware that laws prohibiting child pornography and online enticement existed. *See* Doc. 90, p. 1. His admissions suggest that he voluntarily proffered this information because he was ignorant of the law, not because he felt threatened by law enforcement. Having failed to prove that he was incapable of understanding what was being said to him by law enforcement or that he was coerced into making self-incriminating statements, any challenge to the use of those statements at trial would have been futile. The failure of Mr. Ram's attorney to make such

a challenge, then, clearly did not result in prejudice to Mr. Ram. As a result, his objection alleging a violation of his Fifth Amendment rights is **OVERRULED**.

### J. Violation of Human Rights

Mr. Ram next claims that his guilty plea, more specifically the process by which it was obtained, and the length of his sentence violate the Universal Declaration of Human Rights, requiring that his sentence be vacated. The legality of federal detention must be brought under § 2255. A defendant cannot circumvent this requirement by relying on national treaties. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Therefore, Mr. Ram is required to prove that being held in federal custody violates "the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Because his objection fails to assert an argument for which relief can be afforded under § 2255, this objection is **OVERRULED**.

### K. Racial Discrimination

Mr. Ram's final objection alleges that the entire case against him was a result of racial discrimination. This argument was addressed on appeal, where the Eighth Circuit found that Mr. Ram failed to provide evidence supporting this argument. *See Ram*, 594 F. App'x at 318. Having been addressed on appeal, Mr. Ram is precluded from raising this claim again here and his objection is **OVERRULED**.

### L. Evidentiary Hearing

In bringing this plethora of objections, Mr. Ram ultimately seeks to convince the Court to hold an evidentiary hearing to evaluate the validity of his guilty plea, which rests

on his ineffective assistance of counsel claim. The Court may dismiss such a request without a hearing if (1) Mr. Ram's allegations, accepted as true, would not entitle him to relief, or (2) his allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Mr. Ram is not entitled to a hearing because all his objections are based on conclusory allegations or misinterpretations of the law. His request for an evidentiary hearing was properly **DENIED** by the Magistrate Judge.

## II. CONCLUSION

For the reasons stated herein, all of Defendant's objections are **OVERRULED**. Accordingly, **IT IS ORDERED** that the Report and Recommendation (Doc. 108) is **ADOPTED IN ITS ENTIRETY**, and the Motion to Vacate, Set Aside, or Correct Sentence (Doc. 89) is **DENIED**. Judgment will follow.

**IT IS SO ORDERED** on this 13th day of August, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT COURT