IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                    CRIMINAL NO. 13-50045

SANTOSH RAM                                                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is a *pro se* **Motion for Compassionate Release** filed by Defendant on April 13, 2020. (Doc. 164). The undersigned finds that no response is necessary and that the matter is ripe for consideration.

The Defendant pled guilty to an Information charging him with one count of knowing receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). (Doc. 31). On February 18, 2014, a judgment was entered sentencing the Defendant to 135 months imprisonment, five years supervised release, a fine of $10,000.00, and a $100.00 special assessment. (Doc. 47).

In the motion currently before the Court, Defendant alleges that due to his underlying health conditions, including chronic back pain, prostate problems, symptoms consistent with glaucoma, high blood pressure, high cholesterol, symptoms of pre-diabetes, and "some Hepatitis B related issues," he is at greater risk of death with the current number of cases of the COVID-19 virus present in the Bureau of Prisons (BOP) facilities. (Doc. 164). Defendant alleges that he does not believe that he would receive adequate life-saving medical care if he contracted the COVID-19 virus while in the BOP. Id. In support of his release, Defendant adds that he has served more than seven years of his 135-month sentence and that he has successfully participated in educational, vocational, and religious programs while incarcerated. Id.

"The Bureau of Prisons shall designate the place of the prisoner's confinement." 18 U.S.C. § 3621(b). The undersigned notes that pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for a reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Because Defendant has not pursued the procedure established by § 3582(c)(1)(A), this Court may not grant his motion for compassionate release. See United States v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397 (M.D. La. Apr. 1, 2020) (denying Defendant's motion seeking home confinement due to COVID-19 pandemic, as the Defendant failed to exhaust BOP remedies, did not present extraordinary and compelling reasons warranting such relief, and there was no evidence that the BOP's plan to address the pandemic was not adequate); United States v. Oliver, No. JKB-16-0485, 2020 WL 1505899 (D. Md. Mar. 27, 2020) (where the defendant failed to pursue his BOP remedies, court was without authority to grant defendant's motion seeking home confinement based on COVID-19 concerns).

While it is, therefore, not necessary to address the merits of Defendant's motion, the undersigned notes that while Defendant alleged certain health conditions in his motion, none of these conditions appear to be of the type that would place the Defendant at a greater risk.

Based upon the foregoing, the undersigned recommends **DENYING WITHOUT PREJUDICE Defendant's Motion for Compassionate Release. (Doc. 164). The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in**

**waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

    Entered this 24th day of April, 2020.

                                               /s/ *Erin L. Wiedemann*
                                               HON. ERIN L. WIEDEMANN
                                               UNITED STATES MAGISTRATE JUDGE