IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**     **PLAINTIFF**

**V.**     **CASE NO. 5:13-CR-50045**

**SANTOSH RAM**     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Santosh Ram's Emergency Motion for Compassionate Release Due to Corona Virus/COVID-19 Pandemic. (Doc. 164). The Court referred the Motion to the Honorable Erin L. Wiedemann, Chief Magistrate Judge for the Western District of Arkansas, and she filed a Report and Recommendation ("R&R") (Doc. 166) on April 24, 2020. Her R&R recommended denying the Motion for failure to exhaust administrative remedies. She also remarked in the R&R that even if Mr. Ram had properly exhausted his administrative remedies, "while Defendant alleged certain health conditions in his motion, none of these conditions appear to be of the type that would place the Defendant at a greater risk." *Id.* at p. 2. Mr. Ram filed Objections to the R&R (Doc. 167) on May 8. In his Objections, he explained that he did not know that he was required to exhaust administrative remedies with the Bureau of Prisons ("BOP") before filing his Motion.

Mr. Ram's request for reduction of sentence and compassionate early release is made pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 (the "FSA"). The FSA permits an inmate to seek compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

1

18 U.S.C. § 3582(c)(1)(A)(i).

Mr. Ram states in his Objection that he petitioned the warden of his facility for compassionate release and was denied on April 29, 2020. (Doc. 167, p. 1). At this point, 30 days have passed since that denial, and the Court finds that Mr. Ram has appropriately exhausted his administrative remedies before the BOP. Accordingly, the Court has jurisdiction to consider his Motion on the merits and **DECLINES TO ADOPT** the Magistrate Judge's R&R (Doc. 166).

## I. BACKGROUND

Mr. Ram pleaded guilty to an Information charging him with one count of knowing receipt of child pornography and was sentenced on February 18, 2014, to 135 months imprisonment, five years supervised release, a fine of $10,000.00, and a $100.00 special assessment. (Doc. 47). There are no medical records attached to either the Motion or the Objections, but Mr. Ram asserts that suffers from "c[h]ronic back pain, prostate problems, symptoms consistent with glaucoma, high blood pressure, high cholesterol [sic], and sugar level nearing to diabetes level due to low food quality and canned fruits with too much added sugar/corn syrup." (Doc. 164, p. 2). He also claims to have "some Hepetitis B [sic] related issues as well" and believes that his "immune system has been compromised due to various medications." *Id.* As of today's date, the correctional facility where Mr. Ram is housed, CI Great Plains, has 24 active cases of COVID-19. *See* https://www.bop.gov/coronavirus/ (last accessed June 3, 2020).

## II. LEGAL STANDARD

Because Mr. Ram entered federal custody on March 13, 2013, (Doc. 2), the Court believes that he has served approximately 87 months of his 135-month sentence. That

2

sentence may be modified through "compassionate release," as outlined in 18 U.S.C. § 3582(c)(1)(A), if the Court finds that: (1) the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific examples" of extraordinary and compelling circumstances. *Id*. Since the FSA was passed, the Sentencing Commission has not updated its current policy statement because it has not had a quorum. The current policy statement, which is found in the United States Sentencing Guidelines at Section 1B1.13(1)–(3), sets forth several criteria for determining whether "extraordinary and compelling" circumstances exist to justify a reduction in sentence. Application Note 1(D) to Section 1B1.13 contains more specific examples, including a defendant's advanced age, serious physical or medical condition, or dire family circumstances. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In addition, the Application Note includes a "catch-all" provision that contemplates granting early release if a "reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" exists. *Id.* at cmt. n.1(D).

In the wake of Congress's passage of the FSA, several district courts have held that federal judges may use their discretion to apply the criteria in Section 1B1.13, including the "catch-all" provision in Application Note 1(D), just as the BOP Director would

3

when considering a request for compassionate early release. *See United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (listing cases).

### III. DISCUSSION

The Court agrees with Mr. Ram that the COVID-19 pandemic presents a dramatic and unusual set of risks and stressors to prisoners who must necessarily be confined to close quarters. Mr. Ram's prison has 24 confirmed cases of COVID-19; however, Mr. Ram has failed to present credible evidence that he suffers from any health conditions that would make him particularly vulnerable to serious medical complications or death if he contracted COVID-19. It is Mr. Ram's burden to show that compassionate release is appropriate. *See United States v. Mitchell*, 2020 WL 544703, at *1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)).

Mr. Ram is a 38-year old male who claims he suffers from back pain, high blood pressure, high cholesterol, and glaucoma. Though he maintains that his sugar levels are "nearing to diabetes levels," he provides no proof that he is diabetic or pre-diabetic and instead discusses his "diabetes levels" in the context of a complaint about the lack of fresh fruit served at his federal detention facility.[1] *See* Doc. 164, p. 2. Perhaps the most serious health claim he makes in his Motion is that he contracted Hepatitis B and now has some "issues" related to that diagnosis. Unfortunately, he fails to describe the nature of those "issues" and does not claim that he suffers from serious complications arising from a diseased or scarred liver. *See id.*

According to the Centers for Disease Control and Prevention, the following

---

[1] To the extent that Mr. Ram's Objections mention other potential claims regarding the conditions of his detention, those are not relevant to the instant Motion and will not be addressed here but may be raised in a separate motion

4

conditions and risk factors place individuals at high risk for severe COVID-19 illness: asthma; chronic lung disease; diabetes; serious heart conditions; chronic kidney disease, severe obesity; liver disease; being immunocompromised due to cancer treatment, smoking, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, or prolonged use of corticosteroids and other immune weakening medications; being over the age of 65; and being in a nursing home or long-term care facility. Ctrs. for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, updated May 14, 2020, at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed June 2, 2020). Mr. Ram has not credibly demonstrated that he has any of the above risk factors, including suffering from liver disease or being immunocompromised.

Other district courts considering motions for compassionate release from inmates with health conditions similar to Mr. Ram's have also declined to grant compassionate release. *See, e.g., United States v. Gamble*, 2020 WL 1955338, at *4 (D. Conn. Apr. 23, 2020) (denying compassionate release where 47-year-old defendant had served five months of 92-month sentence and suffered from diabetes at a facility with 24 confirmed cases); *United States v. Hylander*, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (denying compassionate release where 66-year-old defendant had served one-third of sentence and suffered from chronic hypertension, edema, gastroesophageal reflux disease, stomach ulcers, high cholesterol, obesity, and was pre-diabetic).

Finally, the Court understands that the BOP has implemented several measures in an effort to mitigate the spread of COVID-19 in its facilities, including screening, restrictions on visitation, and social distancing measures. *See* BOP Implementing

Modified Operations, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/covid19 _status.jsp (last accessed June 3, 2020).

Because Mr. Ram has not met his burden of showing extraordinary and compelling reasons to justify early release, there is no need for the Court to consider whether the sentencing factors in Section 3553(a) would support a reduction. Mr. Ram has not offered any basis, other than his underlying health conditions, to persuade the Court that it should revisit the Section 3553(a) factors that it considered at the time of sentencing.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Santosh Ram's Emergency Motion for Compassionate Release Due to Corona Virus/COVID-19 Pandemic (Doc. 164) is **DENIED** for the reasons stated above.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ADOPT** the R&R (Doc. 166).

**IT IS SO ORDERED** on this 11th day of June, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE