IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**V.**                                 **CASE NO. 5:13-CR-50045**

**SANTOSH RAM**                                                                          **DEFENDANT**

## OPINION AND ORDER

Before the Court is Defendant Santosh Ram's Motion for Reconsideration (Doc. 171) of the Court's recent denial of his emergency motion for compassionate release. The Court determined that the emergency motion should be denied because Mr. Ram "failed to present credible evidence that he suffers from any health conditions that would make him particularly vulnerable to serious medical complications or death if he contracted COVID-19." (Doc. 170, p. 4). Mr. Ram has now submitted a number of medical records that he claims were unavailable to him at the time he filed the emergency motion. These records indicate that he suffers from Hepatitis B, urinary problems, and back pain related to kidney disfunction. Mr. Ram maintains that he has a "serious medical condition that is also affecting [his] kidneys and severely affect[ing] the immune system." (Doc. 171, p. 2). He also explains that he was "forced to go on [a] hunger strike," which resulted in weight loss that "further compromized [sic] his immune system." *Id.*

A court will reconsider its judgment or final order in the face of "newly discovered evidence that, with reasonable diligence, could not have been discovered . . . ." Fed. R. Civ. P. 60(b)(2). In reviewing Mr. Ram's Motion for Reconsideration, the Court finds that he has submitted new evidence regarding his medical conditions that could not have reasonably been submitted at the time he filed the original motion. Therefore, the Court will **GRANT IN PART AND DENY IN PART** the Motion for Reconsideration (Doc. 171).

1

As will be explained below, the new evidence Mr. Ram submitted warrants a finding that his medical condition or conditions are likely to render him vulnerable to medical complications if he contracts COVID-19 in prison. However, this finding does not mean that Mr. Ram has now justified his request for emergency compassionate release. The Court's earlier denial of that motion will be affirmed.

A sentence may be modified through "compassionate release," as outlined in 18 U.S.C. § 3582(c)(1)(A), if: (1) the requested sentence reduction is warranted due to "extraordinary and compelling reasons"; (2) the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable"; and (3) a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Assuming Mr. Ram's combination of medical conditions would make him particularly susceptible to suffering complications or death after contracting COVID-19, this fact alone would not be enough to create an "extraordinary and compelling reason" for early release. This Court agrees with the District Court of the District of Minnesota that "mere speculation of the possibility of contracting the virus" is insufficient to justify release under § 3582(c)(1)(A). *United States v. Fry*, 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (citing *United States v. Hamilton*, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)). Instead, it is reasonable for a court to require that an inmate show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (collecting cases).

Mr. Ram is housed at Great Plains Correctional Facility in Hinton, Oklahoma. According to statistics published by the Bureau of Prisons, there are currently no

confirmed active cases of COVID-19 at this facility. https://www.bop.gov/coronavirus/ (last accessed on July 6, 2020). Eighty-five inmates have contracted the illness and have since recovered, and one inmate has contracted the illness and died. *Id.* To put those statistics in context, there are a total of 1,537 federal offenders housed in this facility, which means that about 5.6% of all Great Plains inmates have contracted COVID-19. https://www.bop.gov/locations/ci/gpc/ (last accessed on July 6, 2020). Though COVID-19 presents a unique threat to the prison population, where social distancing is difficult to manage and the illness could potentially spread from prisoner to prisoner, the Court finds that early release is not warranted in Mr. Ram's case after considering the factors at 18 U.S.C. § 3553(a). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment and afford adequate deterrence, and the need to protect the public. *Id.*

Mr. Ram pleaded guilty to one count of knowing receipt of child pornography, which is a serious offense. (Doc. 47). His advisory Guideline range was 135–168 months, and the Court sentenced him to a bottom-of-the-range term of imprisonment of 135 months. In reviewing the nature and circumstances of Mr. Ram's particular offense conduct, the Court finds that the facts are far more aggravating than those the Court ordinarily finds in typical "receipt" cases. Mr. Ram admitted to engaging in sexually explicit conversations with minor females through the internet, receiving several images of their genitalia via web-cam, and saving those images to his computer. (Doc. 31). According to the Final Presentence Report, Mr. Ram created an online identity called "Peter Na" who was fifteen years old. (Doc. 38, p. 7). He explained to investigators "that he portrayed Peter Na as

only 15 because it was easier to draw in younger, underage females, who were more willing to perform the sexual acts he requested over a web cam." *Id.* The forensic examination of Mr. Ram's computer revealed images of child pornography that appeared to have been "saved screen shots" taken from Mr. Ram's online, real-time interactions with minors. *Id.* at p. 8.

With respect to the other § 3553(a) factors, the Court observes that Mr. Ram has now served approximately 88 months—or 65%—of his 135-month sentence. This amount of time is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to sexually exploit children.

**IT IS THEREFORE ORDERED** that the Court **AFFIRMS ITS EARLIER DENIAL** of Mr. Ram's emergency motion for compassionate release for the reasons stated above.

**IT IS SO ORDERED** on this 8th day of July, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE